UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY DUSSEAU and
BETH ANN DUSSEAU,

        Plaintiffs,                CASE NO.: 2:06-CV-12370

vs.                                   HON. PAUL D. BORMAN
                                         MAG. JUDGE STEVEN D. PEPE

GORDON F. LARAMIE AND SONS, INC.,
a Michigan corporation,

        Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. # 34)

Plaintiff Harvey Dusseau alleges that in September 2004 he lost the tip of the third finger of his non-dominant hand while he was assisting in the dismantling of a large crane that had been rented from Defendant Gordon F. Laramie & Sons, Inc.("Laramie"), which directed the disassembly of the crane. On July 5, 2005, Plaintiff moved to amend his May 25, 2006, complaint (Dkt. # 34). The complaint presently states in Paragraph 12(vii) that the injury was caused when one of Laramie's employees negligently stepped on the outrigger of the crane causing it to injure Plaintiff (Dkt. #1). Plaintiff after significant discovery wishes to assert instead that one of Defendant's employees moved the outrigger of the crane rather than stepped on it. Plaintiff claims this amendment will conform the pleadings to the deposition testimony of the eyewitness, David Putnam, who testified that Defendant's employee, Mr. Bedore, was near the outrigger at the time of the accident suggesting that he moved the outrigger with his hands (Dkt. #34, Dep. of David Putnam, pp. 48-50 Exhibit A).

1

Discovery closed in this case on April 14, 2007. On June 28, 2007, Defendant filed its motion for summary judgment asserting that Plaintiff has provided multiple versions of exactly what caused the injury, and that these are so inconsistent, so sketchy, and so unsupported by admissible proof, that no reasonable jury should be allowed to render a verdict on causation on such speculative evidence. This matter was referred for hearing and determination (Dkt. #40), and a hearing on Plaintiff's motion was held on August 30, 2007. For reasons summarized below and stated more fully at the hearing, Plaintiff's motion to amend is **GRANTED**.

There is no indication that Plaintiff or his counsel had information available when the complaint was filed to know or assert the facts sought to be added in the amendment. Thus, there is no evidence that Plaintiff is acting or has acted in bad faith. Indeed, had his lawyer been less specific in his complaint when alleging negligence, he could have filed a legally sufficient complaint and have avoided the need to seek an amendment. While discovery is closed, and Plaintiff might have sought amendment earlier in this year, he did so within a week after Defendant filed its motion for summary judgment, which highlighted the risks of a judicial admission of fact in the complaint that could undermine Plaintiff's case. Defense counsel need not change any of its theories of defense or make any significant modification to the arguments in its pending motion for summary judgment. It is also important that no further discovery is needed if this change is allowed. Plaintiff still claims his injury was caused by the outrigger and the negligent actions of a Laramie employee. Defendant can still assert that Paragraph 12(vii) of the original complaint is a party admission, which makes it rebuttable evidence of a prior inconsistent statement that can be attributed to Plaintiff.

Defendant argues that the amendment is futile for reasons identical to the strong

2

arguments made in its motion for summary judgment. Yet, on these facts, it is more appropriate that the issue of the sufficiency of the proofs of causation be resolved by the Article III judge on the motion for summary judgment, and not preempted by the undersigned on this more modest motion to amend.

Given the limited prejudice to Defendant, it is in the interest of justice that Plaintiff be allowed to amend his complaint to conform with the evidence discovered in this case. Accordingly, it is **ORDERED** that Plaintiff's motion to file the proposed amended complaint attached to his motion is **GRANTED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**


Dated: August 30, 2007  s/ Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Neil A. Miller, Barry B. Sutton, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: not applicable

                                                                                                    s/ James P. Peltier  
                                                                                                     Courtroom Deputy Clerk  
                                                                                                     U.S. District Court  
                                                                                                     600 Church St.  
                                                                                                     Flint, MI 48502  
                                                                                                     810-341-7850  
                                                                                                     pete_peltier@mied.uscourts.gov